# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE PARRA | : | Civil No. 1:21-CV-0973 |
| Plaintiff, | : | |
| v. | : | |
| SCOTT FINLEY, WARDEN, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is self-represented Plaintiff Jorge Parra's motion for leave to supplement the complaint, Doc. 23, and his first request for production of documents, Doc. 24. For the reasons that follow, Parra's motion to amend will be denied pursuant to 28 U.S.C. § 1915(e)(2)(B), and the court will not take action on his discovery request as it is improperly filed.

### **FACTUAL BACKGROUND**[1] **AND PROCEDURAL HISTORY**

On May 25, 2021, Jorge Parra ("Plaintiff" or "Parra"), a federal inmate, formally housed at the Schuylkill Federal Correctional Institution ("FCI Schuylkill"), in Minersville, Pennsylvania,[2] filed this lawsuit after he was injured while changing a light fixture. (Doc. 1.) Parra alleges that on August 17, 2019,

---

[1] Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of Scis.,* 961 F.3d 203, 208 (3d Cir. 2020).

[2] Parra is currently housed at FCI Petersburg Medium, in Hopewell, Virginia.

staff failed to cut the electrical power to the unit he was directed to repair, resulting in his electrocution. (*Id*., p. 2.)[3] As a result of the electrical shock, Parra suffered second degree burns to his hands, and continues to endure unrelenting migraines and post-traumatic nightmares. (*Id*., p. 3.) As relief, he seeks monetary damages from Warden Scott Finley and Corrections Officer Radle. Defendants have until November 15, 2021 to file a response to the complaint. (Doc. 22.)

On October 17, 2021, Parra sought leave to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d) based on unrelated events that transpired following the filing of this action. (Doc. 23.) In the supplement, Parra alleges he was placed in administrative segregation on March 10, 2021 for safety reasons. (*Id*., p. 2.) Even though SIS Officer Trojan investigated and determined that Plaintiff's reason for seeking administrative segregation were not verifiable, Parra's administrative detention in the Special Housing Unit continued for an additional six months pending his eventual transfer to another facility. Parra also claims that Ms. White "at the behest of Scott Finley," opened and copies all of his legal and special mail, including correspondence from this court, thus interfering with his access to the courts. Parra alleges these actions occurred "due to his civil suit against the FCI Schuylkill higher ups and done in retaliation." (*Id*.) He seeks

---

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

to add these claims and proposed defendants (White and Trojan) to his existing lawsuit.  (*Id.*, p. 3.)

## STANDARDS OF REVIEW

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if, for example, it is frivolous or fails to state a claim for which relief may be granted).  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions.  *See Tate v. Wiggins*, 805 F. App'x 159, 162 (3d Cir. 2020).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), *cert. denied*, 140 S.Ct. 1611 (2020) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

  **B.** ***Bivens* Action**

  Under 42 U.S.C. § 1983, an injured individual is entitled to "money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854 (2017). While § 1983 protects against violations of constitutional rights at the hands of state officials, the Supreme Court in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971), recognized in limited situations, a monetary remedy designed to vindicate constitutional violations committed by federal officials in their individual capacities. To state a *Bivens* claim, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. *See Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

**DISCUSSION**

A.   **Parra's Proposed Supplemental Complaint**

Parra requests to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d). This rule governs supplemental complaints and provides, in part, that "[o]n motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In this situation, because the issues Parra proposes to add to his complaint are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), the amendment will be denied as futile.

   1.   **Parra's access to court claim against Ms. Smith**

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[P]risoners may only proceed on access-to-courts claims in two types of cases, challenges

(direct or collateral) to their sentences and conditions of confinement." *Id.* at 205. Prisoners bringing an access to the court claim, "must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205–06 (citing *Christopher*, 536 U.S. at 416–17); *see also Schreane v. Holt*, 482 F. App'x. 674, 676 (3d Cir. 2012) (A plaintiff does not establish a constitutional violation when he establishes only that he had a "mere hope" that he would prevail on the underlying claim.).

Considering the above case law, Parra fails to allege sufficient facts to establish an access-to-the-courts claim against Ms. Smith for her alleged interference with his legal mail. Parra fails to describe in any detail the actual injury because of Ms. Smith's alleged actions that hindered his ability to pursue a nonfrivolous or arguable legal claim. *Christopher*, 536 U.S. at 416. As such, he has not identified the claim for relief underlying his access to courts claim. To the extent Ms. Smith is alleged to have withheld "special mail" Parra received from this court, he does not demonstrate that the mail was anything more than documents in this case that are available to the public through the United States Public Access to Court Electronic Records ("PACER") website, *https://pacer.login.uscourts.gov/ csologin/login.jsf*. Accordingly, Parra fails to allege an access to courts claim against Ms. Smith.

6

### 2. Parra's detention in the SHU pending transfer

Parra's claim that SIS Officer Trojan's actions of detaining him in administrative detention pending his transfer to another facility does not survive this review. Parra's placement in the SHU does not implicate his due process rights because no liberty interest was triggered by his SHU detention. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that routine transfers to administrative segregation do not impinge on liberty interest protected by the due process clause unless the conditions in administrative segregation present an atypical and significant hardship in relation to the ordinary incidents of prison life). A determination of what is "atypical and significant" is based on the range of conditions an inmate "may reasonably expect to encounter as a result of his or her conviction." *Asquith v. Dep't of Corr.*, 186 F.3d 407, 412 (3d Cir. 1999) (internal citation omitted). "[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. at 486). Parra's six-month placement in administrative segregation, alone, does not give rise to a due process claim. *See Griffin v. Vaughn*, 112 F.3d 703, 706–09 (3d Cir. 1997) (15 months in administrative detention, which imposes strict restrictions on outside contact and

personal conveniences, did not implicate a protected liberty interest). Accordingly, Parra fails to state a claim of which relief can be granted.

### 3. Parra's retaliation claims against Smith and Trojan

Parra claims Ms. Smith and SIS Officer Trojan's action were taken in retaliation for his filing of this lawsuit. To prevail on a retaliation claim, Parra must demonstrate that: (1) he engaged in constitutionally protected conducted; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Rouser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001)). Even if the court construed Parra's retaliation claims as plausible, they would be subject to dismissal because *Bivens* does not provide relief for such claims.

In *Bivens*, the Supreme Court recognized an implied damages remedy for plaintiff's claim that federal officers violated his Fourth Amendment rights against unreasonable searches and seizures. *Bivens*, 403 U.S. at 397. Since that decision, the Supreme Court only recognized an implied damages remedy against a federal official in two other cases: (1) *Davis v. Passman*, 442 U.S. 228 (1979) (recognizing an implied cause of action for gender-discrimination under the Fifth Amendment), and (2) *Carlson v. Green*, 446 U.S. 14, 18–23 (1980) (recognizing an implied cause of action for inadequate medical care under the Eighth

Amendment).  *See Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017) ("These three cases-*Bivens*, *Davis*, and *Carlson*-represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.").  Over the years, the Court has "consistently refused to extend *Bivens* to any new context or new category of defendants"  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); *see also Ziglar*, 137 S.Ct. at 1857 (collecting cases where Court declined to expand implied *Bivens* remedy beyond three recognized contexts).

With *Ziglar*, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S.Ct. at 1857.  The Court established a two-part test to determine whether *Bivens* provides a remedy for an alleged constitutional tort committed by a federal officer.  First, the district court must determine whether the claim presents a "new context" different from previously recognized *Bivens* remedies.  If not, *Bivens* is an available remedy to redress plaintiff's claims against a federal officer.  However, if so, the court must proceed to the second step of the *Ziglar* test, and the court must analyze whether "special factors counsel hesitation" in judicially expanding *Bivens* in the absence of congressional action.  *Id.*, 137 S.Ct. at 1857–59.  Where the court encounters such special factors causing such hesitation, "a *Bivens* remedy will not be available."  *Id.*

To date, the Supreme Court has not recognized a *Bivens* remedy for First Amendment retaliation claims. *Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012). Likewise, the Third Circuit Court of Appeals has held that "First Amendment retaliation claims brought in the prison context" represents a new *Bivens* context. *Mack v. Yost*, 968 F.3d 311, 320 (3d Cir. 2020); *see also Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (holding that "*Bivens* does not afford a remedy against airport security screeners who allegedly retaliated against a traveler who exercises First Amendment right."). As Parra's retaliation claim presents a new *Bivens* context, the court must address the second prong of the test to determine the existence of *Bivens* as an available remedy.

Under the "specials factors" inquiry, the court must determine whether "there are special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S.Ct. at 1857. The focus of this inquiry is on whether courts are well suited, absent congressional action or instruction, to consider and weight the costs and benefits of allowing a damages action to proceed. *Id.*, 137 S.Ct. at 1858. While there may be many special factors, two are "'particularly weighty': the availability of an alternative remedial structure and separation-of-powers concerns." *Mack*, 968 F.3d at 320 (quoting *Bistrian v. Levi*, 912 F.3d 79, 90 (3d Cir. 2018)). The existence of an alternative remedy "alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." In other words,

"when alternative methods of relief are available, a *Bivens* remedy usually is not." *Id.*, 137 S.Ct. at 1863. Additionally, the Third Circuit Court of Appeals has held that the Bureau of Prisons' administrative remedy process and availability of injunctive relief counsel against the expansion of *Bivens* to an inmate's First Amendment retaliation claim. *See Mack*, 968 F.3d at 321. The Supreme Court has held that an "administrative review mechanism can provide meaningful redress - such as internal investigations and employee discipline - even if [it does] not fully remedy the constitutional violation." *Ziglar*, 137 S.Ct. at 1859–60. Likewise, courts have "afforded a level of deference to the decision making of prison officials," recognizing "day-to-day administrative decisions have been committed solely to the province of the BOP." *See Mack*, 968 F.3d at 323; *see also Railey v. Ebbert*, 407 F. Supp. 3d 510, 523 (M.D. Pa. 2019), *appeal dismissed*, No. 19-3889, 2020 WL 3414760 (3d Cir. Feb. 19, 2020) (noting that "the judicial restraint exercised in cases implicating the administrative of prisons is another factor weighing against extension of the *Bivens* remedy").

Based on the above, Parra's First Amendment retaliation claim presents a new context to which *Bivens* has not previously applied. The deference this court affords prison officials in the administration of their facilities as well as the availability of an alternative administrative remedy counsel against extending

*Bivens* to provide a remedy for Parra's retaliation claim. Accordingly, Parra's retaliation claim will be dismissed as non-cognizable under *Bivens*.

**B. Discovery**

On October 21, 2021, Parra filed a copy of his first request for production of documents. (Doc. 24.) The court will not take action with respect to this discovery document as it is improperly filed with the court. Plaintiff is advised that discovery requests, and discovery responses, should not be filed with the court unless in connection with a discovery dispute, such as a motion to compel or motion for a protective order. *See* Fed. R. Civ. P. 5(d) and Pa. M.D. Local 5.4(b).[4] Discovery requests must be properly served upon Defendants, or in this case where Defendants are represented by counsel, on defense counsel. (*Id.*)

---

[4] The court sent Parra excerpts of the local rules on May 28, 2021. *See* Doc. 4-3.

## CONCLUSION

Parra's motion to supplement his complaint, Doc. 23, will be denied as he fails to state a claim for which relief may be granted. The court will not take any action on his improperly filed request for production of documents, Doc. 24. An appropriate order will follow.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: November 12, 2021